# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEMONE RULE | Case No. 16-cr-00420<br><br>Judge John Robert Blakey |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

On June 28, 2016, Defendant Demone Rule ("Defendant") was indicted for unlawful possession of a firearm. [1] at 1 (describing Defendant's conduct in purported "violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1)"). On April 14, 2017, Defendant moved to dismiss the indictment, arguing that he is improperly "charged with . . . being an armed career criminal, under 28 U.S.C. § 924(e)(1)," a subsection of the Armed Career Criminal Act ("ACCA"). [29] at 1. On May 25, 2017, this Court denied Defendant's motion from the bench, and indicated that it would supplement that oral ruling with a separate written order. [34] at 1. On June 28, 2017, at the conclusion of a three-day jury trial, Defendant was found guilty of being a felon in possession of a firearm, in violation of § 922(g)(1). [47] at 1.

In light of the upcoming sentencing proceedings and consistent with its order on May 25, 2017, the Court issues the following Supplemental Memorandum Opinion and Order.

**I.     Analysis**

As the Court previously explained in its oral ruling, Defendant's argument fundamentally misapprehends the nature of § 924(e)(1). Put simply, that section does not announce a distinct criminal offense. Instead, it articulates a potential modification of a defendant's sentence in light of his prior convictions, and its applicability, if any, is determined at sentencing by the Court. This conclusion is compelled by controlling precedent.

   **1.     *United States v. Shields***

In *United States v. Shields*, the Seventh Circuit announced that it "cannot accept the view that § 924(e)(1), on its own, provides a substantive element of the offense that must be submitted to the jury." 789 F.3d 733, 741 (7th Cir. 2015), *cert. denied*, 36 S. Ct. 420 (2015). *Shields* is premised upon a long line of Supreme Court decisions holding that prior convictions listed as sentencing factors are to be determined by a court, not construed as independent elements of an underlying criminal offense that must be proven to a jury. *See Almendarez–Torres v. United States,* 523 U.S. 224, 230 (1998) (approving of "the lower courts [that] have almost uniformly interpreted statutes (that authorize higher sentences for recidivists) as setting forth sentencing factors, not as creating new crimes"); *Jones v. United States*, 526 U.S. 227, 243 n. 6 (1999) ("[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (*other than prior conviction*) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a

reasonable doubt.") (emphasis added); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).[1]

In fact, the Seventh Circuit in *Shields* went even further than these seminal Supreme Court decisions, to explicitly address Defendant's situation here. The court in *Shields* explained that the "fact that [an] indictment recite[s] § 924(e)(1) does not alter [the analysis]. Including a sentencing provision, such as § 924(e)(1), in an indictment does not transform a sentencing factor into a substantive element." *Shields*, 789 F.3d at 742.

*Shields* controls here. Defendant was charged with (and convicted of) the substantive crime of being a felon in possession of a firearm, in violation of § 922(g)(1). [1] at 1. As part of that proceeding, Defendant's status as a convicted felon was an element of the offense indicted by the grand jury and later proven by a reasonable doubt at trial. Although the indictment also makes reference to § 924(e)(1), under *Shields* and its forebears, the citation to § 924(e)(1) is a merely a sentencing provision, and its status as a sentencing provision does not change simply because it is referenced in the indictment.

---

[1] At oral argument, Defendant's counsel for the first time cited to Justice Thomas' concurring opinion in *Shepard v. United States*, 544 U.S. 13 (2005), for the proposition that *Almendarez-Torres* and its progeny have "been eroded by this Court's subsequent Sixth Amendment jurisprudence." *Id.* at 27. This argument fails here, as it did in *Shields*. While "*Almendarez-Torres* is vulnerable to being overruled," *United States v. Elliott*, 703 F.3d 378 (7th Cir. 2012), "only the Supreme Court can overrule its prior decisions," and "unless the Court acts, we are bound to follow *Almendarez-Torres*." *Shields*, 789 F.3d at 741.

3

### 2. Defendant's Argument is Premature

Defendant attempts to avoid the foregoing result by invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the ACCA's "Residual Clause" was unconstitutionally vague. *Id.* at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."). Defendant specifically argues that the ACCA does not apply to him, since: (1) the "Residual Clause" is no longer operative after *Johnson*; and (2) his prior conviction for attempted murder under Illinois law does not qualify as a "violent felony" under the ACCA's "Force Clause." *See* [29] at 2; *see also* 18 U.S.C. § 924(c)(3) (a "violent felony" is one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another"). To be clear, there "is no question as to the constitutionality of the Force Clause; [Defendant] simply argues that it does not apply to" attempted murder under Illinois law. *United States v. Jenkins*, 849 F.3d 390, 393 (7th Cir. 2017), *reh'g denied*, (Apr. 20, 2017), *cert. denied*, No. 16-9166, 2017 WL 2189105 (U.S. June 19, 2017).

Defendant may or may not be right that attempted murder under Illinois law does not qualify as a violent felony under the ACCA. The Court does not address that question today, however, as a motion to dismiss the indictment is not the proper means of raising this issue. As explained *supra*, the putative applicability of the ACCA's sentencing provisions will be resolved, not coincidentally, at sentencing.

4

## II. Conclusion

§ 924(e)(1) does not contain a substantive element of an underlying offense that must be submitted to a jury, even when that section is referenced in the operative indictment. *Shields*, 789 F.3d at 741. This conclusion is mandated by both *Shields* and a long line of Supreme Court precedent. *See, e.g., Almendarez–Torres,* 523 U.S. at 230. Until and unless *Almendarez-Torres* and its progeny are overruled, therefore, it falls to this Court (at least in the first instance) to determine whether § 924(e)(1) actually applies.

Defendant's motion to dismiss the indictment [29] is accordingly denied. This ruling notwithstanding, at *sentencing*, Defendant is obviously free to contest the imposition of the enhancement contained in § 924(e)(1).

Date: July 25, 2017

ENTERED:

John Robert Blakey
United States District Judge